IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DAVID M. WARE,                           )
                                         )
              Plaintiff,                 )
                                         )
       v.                                )   C.A. No. 25-339 (MN)
                                         )
NAVY FEDERAL CREDIT UNION, et al.,       )
                                         )
              Defendants.                )

**MEMORANDUM ORDER**

At Wilmington, this 16th day of March 2026;

## I.      BACKGROUND

On February 5, 2025, Plaintiff David M. Ware ("Plaintiff") filed a Complaint in the Justice

of the Peace Court of the State of Delaware ("JP Court") against C&F Finance, Navy Federal

Credit Union, Trans Union, LLC, Credit One Bank, N.A., DriveTime CarSales Company d/b/a

Drivetime[1], and Equifax Information Services, LLC.  (D.I. 1, Ex. A).  The Complaint asserts that

"[a]ll defendants in the case violated my rights according to consent and privacy state and federal

law[.]  The[y] share my information without written instruction."  (D.I. 1, Ex. A at 23).  Thereafter,

on March 18, 2025, Defendant Navy Federal Credit Union removed the case to this Court because

Plaintiff David M. Ware's pro se complaint suggests violations of the Federal Credit Reporting

Act ("FCRA").  (D.I. 1).

Following removal, Plaintiff amended his claims against Defendants Navy Federal Credit

Union, Trans Union, and C&F Finance.  (D.I. 11, 17, 18).  Plaintiff's amendment regarding

Defendant Navy Federal Credit Union states: "On or about [January 23, 2025,] Plaintiff discovered

---

[1]     The Court previously granted the motions to compel arbitration filed by Defendant Credit
One Bank, N.A. (D.I. 32) and Defendant DriveTime CarSales Company (D.I. 33) and
stayed the case against those defendants pending arbitration (D.I. 46).

inaccurate and false information reported by Defendant Navy Federal Credit Union on Plaintiff's consumer credit report.[ ]Remarks were added [and ]then removed by [D]efendant for alleged late payments[. T]hese events occurred [three] different times on [Plaintiff's] report." (D.I. 11 at 1). "Plaintiff disputed this information with the credit reporting agencies in writing," on an unspecified date. (*Id.*). "Despite receiving notice of the dispute, Defendant failed to reasonably investigate and/or correct the inaccurate information, in violation of the FCRA, 15 U.S.C. § 1681a-2(b)." (*Id.*). "Additionally, Defendant continued reporting the disputed information without noting it was under dispute, and/or re-reported the same information after being notified of its inaccuracy." (*Id.*). No additional information is provided. (*See id.* at 1-2.).

Plaintiff's amendments regarding Defendant C&F Finance and Trans Union are almost identical to one another. (*Compare* D.I. 17, *with* D.I. 18). Plaintiff alleges both Defendants "unlawfully obtained and/or reported an unauthorized hard inquiry on Plaintiff's consumer report," which Plaintiff asserts violates 15 U.S.C. § 1681b(b)(2). (D.I. 17 at 1; D.I. 18 at 1). Plaintiff alleges that he did not "apply for credit or business with" Defendant C&F Finance, grant consumer report access to Defendant C&F Finance and its affiliates, or provide any written instructions to either Defendant C&F Finance or Defendant Trans Union. (*Id.*). Upon discovering the hard inquiry, "Plaintiff issued a written demand for proof of authorization and permissible purpose," but Defendants C&F Finance and Trans Union have "failed or refused to produce any such evidence," which Plaintiff asserts violates 15 U.S.C. §§ 1681b(f), 1681e(a). (*Id.*). These allegations are undated and no additional information is provided. (*See id.* at 1-2).

Defendants Navy Federal Credit Union and Trans Union now move to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), and Defendant C&F Finance

2

moves for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c).  (D.I. 25, 28, 36).[2]

## II.    LEGAL STANDARD

Because Plaintiff proceeds pro se, his pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nevertheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  A possibility of relief is not enough.  *Id.*  In determining the sufficiency of the complaint, the court must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions.  *Id.* at 679. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted).

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019).  The court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to

---

[2]    By Oral Order dated March 10, 2026, this case was referred to Magistrate Judge Laura D. Hatcher up to and including the resolution of case-dispositive motions.  The referral did not include the pending motions but will include motions moving forward.

the nonmoving party," and must grant the motion if "the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Id.*

## III.    DISCUSSION

### A.    Trans Union

Section 1681b of the FCRA sets forth permissible purposes for which a credit reporting agency ("CRA") may prepare a consumer report. *See* 15 U.S.C. § 1681b.[3]  The CRA may prepare a consumer report "in accordance with the written instructions of the consumer to who it relates," but the consumer's consent is generally not required. *Id.*, at § 1681b(a); *see also, e.g. Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011).  Here, Plaintiff asserts that Trans Union provided a consumer report to C&F Finance without his "written instructions". (D.I. 17, ¶ 3).  That theory of liability, however, is incorrect as a matter of law.

Moreover, the statute authorizes Trans Union to send a consumer report to any person it "has reason to believe . . . intends to use the information" for a permissible purpose.  15 U.S.C. § 1681b(a)(3).  Thus, even assuming that C&F did not have a permissible purpose for wanting Plaintiff's consumer report, Plaintiff has not alleged that Trans Union should have known that fact.  Nor has Plaintiff pleaded facts that call into question Trans Union's reasonable belief that C&F intended to use the information for a permissible purpose.

---

[3]    Permissible purposes include: (1) in connect with "a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer;" (2) "for employment purposes;" (3) for "the underwriting of insurance involving the consumer;" (4) "in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law;" (5) as "a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or repayment risks associated with, an existing credit obligation;" or (6) more generally, "in connect with a business transaction that is initiated by the consumer" or "to review an account to determine whether the consumer continues to meet the terms of the account." 15 U.S.C. § 1681b(a)(3)(A-F).

For these reasons, Plaintiff Plaintiff's claim against Trans Union must be dismissed with prejudice.

**B.     C&F Financial**

Plaintiff alleges that C&F accessed his credit report without authorization in violation of the FCRA.  (D.I. 18).  The facts asserted, however, belie that assertion.

First, under 15 U.S.C. § 1681b(3)(A), a consumer report may be used "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer."  Here, Plaintiff's applied for credit to purchase a motor vehicle.  (D.I. 30-1 at 2-3).

Second, under 15 U.S.C. § 1681b(2), a permissible purpose exists when the consumer provides written authorization.  The signed application Plaintiff submitted granted C&F the authority to obtain a consumer credit report in relation to the application and at any time during the term of the approved financing.

> "You agree that we may obtain a consumer credit report periodically from one or more consumer reporting agencies (credit bureaus) in connection with the proposed transaction and any update, renewal, refinancing, modification or extension of that transaction. You also agree that we or any affiliate of ours may obtain one or more consumer credit report on you at any time during the term of your financing."

(D.I. 30-1 at 2-3).

Third, Section 1681b(3)(F) permits a party to access a consumer report if they have a "legitimate business need for the information in connection with a business transaction that is imitated by the consumer" and "to review an account to determine whether the consumer continues to meet the terms of the account."  Here, after his application for credit was approved, Plaintiff entered into a retail installment sales contract to purchase a vehicle and that contract was assigned to C&F.  (D.I. 30-2 at 2-3).  C&F serviced Plaintiff's account.  Indeed, Plaintiff himself

5

acknowledged that his account was held and serviced by C&F in an FDIC Business Assistance Form he submitted regarding alleged concerns about the account.  (D.I. 30-3 at 2-4).

These documents establish that Plaintiff applied for and received credit from C&F, which provided C&F with a permissible purpose under Sections 1681b(1), (3)(A), and (3)(F).  Thus, C&F is entitled to judgment on the pleadings.[4]

### C.        Navy Federal Credit Union

Navy Federal asserts that Plaintiff's claim in Count I of the Amended Complaint – that Navy Federal "failed to comply with its duties under § 1681s-2(b), including failing to conduct a reasonable investigation, failing to delete inaccurate information, and continuing to furnish false information" – fails because Plaintiff fails to identify specific facts supporting a plausible claim of wrongdoing by Navy Federal.  The Court disagrees.  Plaintiff, for example, asserts that information about purported late payments was reported multiple times and remained on his report despite disputes.  At this stage and liberally construction Plaintiff's pleadings, the Court will not dismiss Count I as to Navy Federal.

Navy Federal also argues that Plaintiff's claim in Count II must be dismissed.  As to this argument, the Court agrees.  In Count II, Plaintiff alleges that his claim only applies "to the extent [Navy Federal] acted as a debt collector."  (D.I. 11 at 2).  Plaintiff, however, alleges no facts that Navy Federal did act as a debt collector.  In the absence of any well-pleaded facts that Plaintiff is entitled to relief under Count II, that Count must be dismissed.  The Court will do so, however, without prejudice as it cannot be entirely sure that Plaintiff cannot allege such facts.

THEREFORE, IT IS HEREBY ORDERED that:

---

[4]        The Court declines C&F's request for attorneys' fees as C&F has failed to establish that fees are warranted or that Plaintiff acted in bad faith.

1.      Trans Union LLC's Motion to Dismiss Plaintiff's Amended Complaint (D.I. 28) is GRANTED and the claims against Trans Union are dismissed with prejudice.

2.      Defendant C&F Finance Company's Motion for Judgment on the Pleadings (D.I. 36) is **GRANTED**.  The Clerk of Court is directed to enter judgment in favor of C&F Finance Company and against Plaintiff.

3.      Navy Federal Credit Union's Motion to Dismiss is **GRANTED-IN-PART and DENIED-IN-PART**.  The motion is **DENIED** as to Count I and **GRANTED** without prejudice as to Count II.

4.      Should Plaintiff wish to amend his Federal Debt Collection Practices Act claims against Navy Federal Credit Union, he shall do so by filing a further Amended Complaint on or before April 15, 2026.  Should Plaintiff fail to file a further Amended Complaint, this case will proceed against Navy Federal Credit Union as to Count I and a Scheduling Order will be entered.

_____
The Honorable Maryellen Noreika
United States District Judge

7